IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 14-mc-00017-LTB

LAWRENCE M. JIRON,

    Petitioner,

v.

STATE OF COLORADO, in the United States of America,
DAVID M. THORSON,
THOMAS K. LE DOUX,
MICHAEL L. PIRRAGLIA,
JAMES FALK,
RICK RAEMISCH,
STEVE HAGER,
JOHN W. SUTHERS, Att. Gen., and
JOHN W. HICKENLOOPER, Gov.,

    Defendants.

## ORDER OF DISMISSAL

    Petitioner, Lawrence M. Jiron, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Jiron has submitted for filing a pleading titled Criminal Complaint/Demand to be Released (ECF No. 1) and a Complaint (ECF No. 1-1) alleging that Defendants have violated a number of federal criminal statutes.  For the reasons stated below, the Court will dismiss the action.

    Courts universally endorse the principle that private citizens cannot prosecute criminal actions.  *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are

always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").  Therefore, the Court finds that Mr. Jiron lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States.

Mr. Jiron's argument that the Court lacks authority to dismiss his criminal complaint because it is addressed to the United States Attorney lacks merit.  Mr. Jiron has submitted the criminal complaint to the Court for filing.  If Mr. Jiron wishes merely to correspond with the United States Attorney, he should not submit pleadings to the Court.  Finally, to the extent Mr. Jiron seeks to challenge the constitutionality of a state court criminal conviction or to be released from custody, he must file an application for a writ of habeas corpus after exhausting state remedies.  Accordingly, it is

ORDERED that the action is dismissed because Lawrence M. Jiron lacks standing to file and prosecute a criminal action.

DATED at Denver, Colorado, this  10th  day of    February    , 2014.

BY THE COURT:

   s/Lewis T. Babcock    
LEWIS T. BABCOCK, Senior Judge
United States District Court